IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WESLEY EUGENE DOLLAR,<br><br>                Plaintiff<br><br>    VS.<br><br>ALAN CARTER, *et al.*,<br><br>                Defendants | NO. 5:10-CV-208 (MTT)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## **RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendants Alan Carter, Dr. Monica Hill, Johnna Hall, and Virginia Cox. Doc. 21. In this motion, Defendants allege, among other things, that the claims set forth in the above-captioned action are precluded from review and, as such, are due to be dismissed. Because it appears that review of Plaintiff's claims is precluded by the doctrine of *res judicata*, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that this action be **DISMISSED**.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On April 23, 2011, Plaintiff Wesley Eugene Dollar initiated this action claiming that Defendants had been and continue to be deliberately indifferent to his serious medical needs . Doc. 1. More specifically, Plaintiff claims that, prior to his arrival at Wilcox State Prison, he sustained a "very, very serious lumbar spine injury, neuropathy nerve damage in [his] neck, and siatical nerve damage that goes down into [his] right knee from [his] lower back." Id. at p.5. As a result, Plaintiff says that he has problems standing for over fifteen minutes and that his medical records and profiles call for no lifting, bending, prolonged walking or standing. Id. Additionally, Plaintiff states that, prior to his incarceration, he was participating in pain management, was being given epidural steroid injections and prescription pain medications, and was routinely receiving treatment from a number physicians including orthopedic specialists. Id. at p.6.

Plaintiff contends that Defendants have denied him medical treatment, ignored his medical profiles, and otherwise "failed to meet any and all [of the] additional requirements that [he is] entitled to." Doc.1 at p.4. To demonstrate this point, Plaintiff described two specific incidents: 1) on February 4, 2010, Defendant Hill told him that he did not have a medical problem; and, 2) during a March 12, 2010 sick call visit, in the presence of both Defendants Hall and Cox, Defendant Hill told him that he would receive no pain management, no orthopedic doctors, no therapy, nor any other treatment. Id. at p.5. Based on these allegations, Plaintiff claims that his rights have been violated and that he is entitled to injunctive relief in the form of emergency medical treatment for his injuries as well as compensatory and punitive damages.

In response, Defendants filed the instant Motion to Dismiss asserting that, prior to filing this action, Plaintiff filed a virtually identical action in the Superior Court of Wilcox County, Georgia. Doc. 21-1, p.1. According to Defendants, Plaintiff's state court action has since been considered on its merits and dismissed. Id. at p.2. Defendants have submitted certified copies of the state judicial records bearing the state court's seal, an attestation by the court clerk, and a certification by a judge of the court declaring that the clerk's attestation is in proper form. See Doc. 21-2 through Doc. 21-4. Defendants argue that consideration of Plaintiff's claims is precluded by the judgment of the Superior Court.

**LEGAL STANDARDS**

When considering whether to give *res judicata* effect to a state court judgment, federal courts "must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Green v. Jefferson County Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009). In Georgia, the doctrine of res judicata is codified at O.C.G.A. § 9-12-40 which provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Pursuant to this statute, the prerequisites for application of the doctrine are: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Gunby v. Simon, 277 Ga. 698, 699 (2004) (quoting Waldroup v. Greene County Hosp. Auth., 265 Ga. 864, 866 (1995)).

## DISCUSSION

In this case, all of the prerequisites for the application of the doctrine of *res judicata* appear to have been met. A review of the record in this case, including the certified copies of Plaintiff's proceedings in state court, reveals that:

1. Plaintiff sued the same defendants in both actions.

2. In both cases, Plaintiff made the same assertions of fact and relied upon the same examples of the Defendants allegedly violative conduct.

3. Plaintiff's 42 U.S.C. §1983 claims of deliberate indifference to his serious medical needs were considered and adjudicated on the merits by the state court.

4. Pursuant to the Georgia State Constitution, the Superior Court of Wilcox County, Georgia is a court of competent jurisdiction.[1]

In view of the above, further review of the claims set forth by Plaintiff in the instant case is barred. Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this case be **DISMISSED**.

Also before the Court is are Plaintiff's Motion for Judgment and Writ of Execution (Doc. 44), Motion for an Emergency Writ of Mandamus (Doc. 46), and Motion for Directed Verdict (Doc.50). In view of the above recommendation to dismiss this action, consideration of these motions appears unnecessary. Accordingly, **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Judgment and Writ of Execution, Motion for an Emergency Writ of Mandamus, and Motion for Directed Verdict be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this

---

[1] See Ga. Const., art. VI, § IV, para. I.

**RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of June, 2011.

                                                                               s/ Charles H. Weigle  
                                                                               Charles H. Weigle  
                                                                               United States Magistrate Judge