IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WESLEY EUGENE DOLLAR,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-208 (MTT) |
| **WARDEN ALAN CARTER, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on pro se Plaintiff Wesley Eugene Dollar's Motion for Judgment as a Matter of Law or Jury Trial. (Doc. 73).[1] On July 26, 2011, the Court adopted the Recommendation of the Magistrate Judge granting the Defendants' Motion to Dismiss because the Plaintiff's claims had already been adjudicated in the Superior Court of Wilcox County, Georgia. The Plaintiff has since filed two Motions for Reconsideration (Docs. 57, 64) both of which were denied by the Court. The Plaintiff's latest motion, although styled as a "Motion for Judgment as a Matter of Law or Jury Trial," appears to be a third Motion for Reconsideration, because the Motion seeks to overturn the July 26, 2011 Order.[2]

---

[1] Although, as a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal, it does not prevent the district court from taking action "in furtherance of the appeal." *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001); *Mahone v. Hammond*, 326 F.3d 1176, 1179 (11th Cir. 2003). Thus, the district court retains jurisdiction after the filing of a notice of appeal "to entertain and deny" this Motion. *Mahone*, 326 F.3d at 1179-80.

[2] The Motion also states that the Court is "acting with disinformation and should disqualify or recuse [itself] from the Plaintiff's civil action case" among other allegations. (Doc. 73).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga., L.R. 7.6.  "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met his burden.  He has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous.  Accordingly, the Plaintiff's Motion for Reconsideration is DENIED.  (Doc. 73).

**SO ORDERED,** this 17th day of November, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

bnw